PER CURIAM.
This case is a disciplinary proceeding brought by The Florida Bar against attorney Raymond P. Harris and is before the Court for consideration of the referee’s report. Neither party has filed a petition contesting the referee’s report.
The referee made the following findings of fact:
After considering all the pleadings and the evidence before me, pertinent portions of which are commented upon below, I find: On January 4, 1985, the day after his father died, Mr. Frederick Kop-kau, Jr. contacted respondent seeking a copy of his father’s will. Respondent had previously prepared the senior Mr. Kopkau’s will. Respondent told Mr. Kopkau that he could not find a copy of the will and that Mr. Kopkau should call him back in a few weeks. Since arrangements needed to be made for the burial of Mr. Kopkau, Sr., Mr. Kopkau retained attorney LeRoy Merkle to represent his interests.
Approximately six weeks after Mr. Kopkau died, there having been no will filed with the probate court, Mr. Merkle filed a Petition for Administration on behalf of Mr. Kopkau and Freda Parsons, Mr. Kopkau’s sister. Three weeks after this petition was filed respondent filed a Counter-Petition for Administration on behalf of Beatrice Uschuk, the named personal representative Of Mr. Kopkau's estate.
On or about July 15, 1985 the inventory of the estate was due to be filed. Respondent failed to file the inventory on the due date. Also during the month of July, 1985, Mr. Kopkau and his mother, Norma Kopkau, filed claims against the estate. Respondent did not file an objection to these claims until December, 1985.
On November 4, 1985, due to respondent’s uncooperative behavior and due to his failure to probate the estate in a timely fashion, Mr. Merkle filed a Petition to Remove the personal representative. This petition was subsequently denied. On December 4, 1985, respondent finally filed an inventory of the estate. However, the inventory that was filed was incomplete. Specifically, respondent failed to list the decedent’s mobile home, the contents of the mobile home and the decedent’s automobile in the inventory. The failure of respondent to list the aforementioned items in the inventory caused a delay in accurately assessing the assets of the estate.
During the period of time in which respondent has been representing Mrs. Uschuk an automobile belonging to the decedent was left in a storage facility. Mr. Kopkau and his mother made several attempts to contact respondent to have respondent pay the cost of storing the automobile and the cost of repair so that the automobile could be removed from storage. Respondent failed to respond to the Kopkaus and they were forced to pay the storage fee and repair bill.
Respondent has been uncooperative with the named beneficiaries of Mr. Kop-kau’s will and has been unresponsive to their requests. As a result of respondent’s uncooperative behavior and slow responses, Mr. Merkle filed a Motion to Compel Reimbursement of Expenses and a Motion to Award Attorney Fees and Tax Costs. On November 24, 1986 the Probate Court ordered the personal representative of the estate to pay to Norma Kopkau the sum of $1,067.10 for expenses incurred by Mrs. Kopkau. The Court also ordered the personal representative to pay to Mr. Merkle the sum of $591.50 for reduced attorneys fees and costs.
On December 4, 1986 an Order to Show Cause was issued against respondent by Judge Dennis Alvarez of the Probate Court for Hillsborough County due to respondent’s failure to file a final accounting or a Petition to Discharge, *56 both of which were due to be filed on May 15, 1986. Respondent did not file a Motion to Extend Time for Final Accounting and Discharge until January 13, 1986, several days after the fifteen days allotted by the Court.
The evidence in this case clearly shows that respondent has been processing the decedent’s estate in the Probate Court in a dilatory manner. Respondent’s failure to respond to the Bar’s Complaint and failure to appear for final hearing in this matter further indicates respondent’s lack of responsibility in this matter.
The referee recommended that respondent be found guilty of violating the former Florida Bar Code of Professional Responsibility, Disciplinary Rule 6-101(A)(3), for neglecting a legal matter entrusted to him. On the matter of discipline, the referee recommended that respondent be given a public reprimand.
We approve the referee’s report and hereby reprimand attorney Raymond P. Harris for professional misconduct. Judgment for costs in the amount of $696.16 is hereby assessed against the respondent, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.